Geni Ruaigip, F#27214
Avenal State Prison, 410-1-66-Up
P.O. Box 9
Avenal, CA 93204

E-filing

IN PRO SE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GENI RUAIGIP,
    Movant

v.

ARNOLD SCHWARZENEGGER, et al.,
    Respondent.

CV No. 08 2796

EX PARTE MOTION FOR A REQUEST FOR A THREE JUDGE COURT AND ISSUANCE OF A PRISONER RELEASE ORDER AND TO JOIN THIS MOTION ONTO THE ALREADY EXISTING COLEMAN/PLATA/ARMSTRONG CLASSES ACTIONS ALREADY BEFORE A THREE JUDGE COURT

INTRODUCTION

Movant, Geni Ruaigip, hereby respectfully requests this Honorable Court grant movant a request to be heard by a three judge court in determining the outcome of this ex parte motion. Movant also requests the three judge court examine movant's allegations and reasonings for a prisoner release order issued to the California Department of Corrections and Rehabilitation (hereinafter "CDCR") and release movant from CDCR's custody based upon movant's allegations of all California prisons being overcrowded to the point of being cruel and unusual punishment.

STATEMENT OF FACTS

Movant, a prisoner at Avenal Statemen Prison (hereinafter "ASP"), alleges a violation of his Eighth Amendment rights under the United States Constitution, that being, cruel and unusual punishment due to the severity of prison overcrowding. Because of the severity of prison overcrowding, movant is being unnecessarily exposed to harmful, infectious, communicable diseases, unsanitary conditions, below minimum

1

1 standards of medical, dental, and mental health treatment, plus living
2 conditions which present a danger to movant's personal safety due to
3 increasing prisoner violence against other prisoners due to rising
4 tensions caused by the severity of prison overcrowding.

5     Movant hereby alleges that the severity of prison overcrowding
6 has reached crisis proportions to the extent whereby it has become
7 cruel and unusual punishment as movant will demonstrate:

8     1. The severity of overcrowding interferes with the following:

9         a. minimum amounts of medical, dental, and mental health treatment;

10         b. movant's right to be free of unsanitary living conditions;

11
12         c. movant's right to be free of dangerous and harmful communicable diseases; and

13         d. movant's right to have a reasonable amount of personal safety from violence from other prisoners.

14
15     2. In his May 15, 2007 Receiver's Fourth Bi-Monthly Report, re:
16 "Overcrowding," No. C01-1351-T.E.H., on page 30, lines 10-15; 18-25,
17 Mr. Robert Sillen stated to the Court the following:

18     "As reported in the Fourth Bi-Monthly Report, overcrowding has increased the number and seriousness of infectious and
19 communicable diseases, jeopardizing prisoners, staff, and the public. Thus far system wide outbreaks have been avoided, however,
20 given the number of prisoners, conditions in gyms and hallways converted to housing units, the velocity of prisoners' movement
21 between institutions and in and out of the CDCR itself, the risk of such an outbreak cannot be underestimated.

22     "Many CDCR prisons are unable to sustain the basic delivery of medical, mental health, and dental services because of limited
23 staffing (clinical and custody) and an overwhelming number of prisoners/patients who require care. Every day, many California
24 prison wardens and health care managers make the difficult decisions as to which of the class actions, Coleman, Perez,
25 Armstrong, or Plata they will fail to comply with because of staff shortages and patient loads. This in turn creates crisis conditions
26 (as described in the Fourth Bi-Monthly Report concerning Avenal State Prison) which, because it requires immediate attention,
27 diverts the Receiver's resources from Plan of Action related activities."

28

2

ANALYSIS

Section 3626(a)(3)(C) of Title 18 of the United States Code authorizes a party to a civil action concerning prison conditions to file a request such as this for a prisoner release order. As defined, by the statute, a prisoner release order "includes any order, including a temporary restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to prison." 18 U.S.C. section 3626(a)(3)(B). A request for a prisoner release order must be accompanied by a request for a three judge court (just as in this motion) and "materials sufficient to demonstrate that" (just as in the Receiver's Fourth Bi-Monthly Report) the statutory requirements for issuance of such an order have been met. 18 U.S.C. section 3626(a)(3)(C).

A prisoner release order may not be issued unless—

(i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the federal right sought to be remedied through the prisoner release order; and

(ii) the defendant has had a reasonable amount of time to comply with the previous court orders.

18 U.S.C. section 3626(a)(3)(A)(i)-(ii). If these requirements are met, "a Federal Judge before whom a civil action with respect to prison conditions is pending who believes that a prison release order should be considered may, sua sponte, request the convening of a three judge court to determine whether a prisoner release order should be entered." 18 U.S.C. §3626(a)(3)(D). The three judge court "shall enter a prisoner release order only if the court finds by clear and convincing evidence that—

(i) crowding is the primary cause of the violation of the Federal right; and

3

1  (ii) no other relief will remedy the violation of the Federal right.

18 U.S.C. 3626(a)(3)(E).

The Federal Right to be Remedied.

The Federal right at issue is the Eighth Amendment guarantee of constitutionally adequate mental health care, medical care, and treatment, dental care and treatment which would meet adequate standards, and personal safety for the movant (and for prisoners in general) who is/are incarcerated in the California Department of Corrections and Rehabilitation. Prison overcrowding is also a threat to the safety and welfare of prison staff and the public. See Coleman v. Wilson, 912 F.Supp. 1282, 1297-1298 (E.D.Cal. 1995)(citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832 (1994) and Helling v. McKinney, 509 U.S. 25, 31-32 (1993).

REQUEST FOR RELIEF

WHEREFORE, movant, Geni Ruaigip, respectfully requests this Honorable Court issue to the CDCR a prisoner release order pursuant to the Prison Litigation Reform Act ("PLRA"), section 3626(a)(3) dealing with three judge courts ordering prisoner release orders. For the following reasons listed below, movant would not be a threat to public safety and should be released:

1. Movant, Geni Ruaigip is forty-one (41) years of age and has never been incarcerated in any state or federal institution before.

2. Movant will, of his own free will, agree to abide with any and all other court orders and conditions/terms/stipulations that this Honorable Court deems fit and proper.

3. Movant will also agree to be placed under house arrest while wearing a monitoring device for the remainder of his sentence in order to insure to the Court public safety will be maintained at all times.

/////

## VERIFICATION

I, Geni Ruaigip, declare that I am the movant in this action. I certify that I am over the age of eighteen (18) years of age and am incarcerated in a state prison in Avenal, California, at Avenal State Prison. I further declare under penalty of perjury under the laws of the State of California that all of the above statements are true and correct in their entireties and that this document was prepared, signed, and dated at Avenal State Prison in Avenal, California.

Dated: MAY 29, 2008

_____
Geni Ruaigip, Movant

Dear Court Clerk,

I am including an SASE along with a copy of my motion. Please FILE and date the copy for my records and send it in the SASE I have provided for this Honorable Court's convenience. Thank you very much for your time.

Sincerely,

_____

Leoni Ruigip #F-27214
60-1-663p
P.O. Box 9
Avenal, CA 93204-0009

LEGAL MAIL

LEGAL MAIL
MAY 3 0 2008
AVENAL STATE PRISON
MAILROOM

AVENAL STATE PRISON

Office of the Clerk
Northern District Court
for the State of California
U.S. Courthouse
450 Golden Gate Ave.
San Francisco, CA 94102-3483

94102+3481